863 A.2d 17 (2004)
In the Interest of J.M.P., A Minor.
Appeal of J.M.P., A Minor.
Superior Court of Pennsylvania.
Submitted August 2, 2004.
Filed October 27, 2004.
Reargument Denied January 7, 2005.
Faye L. Miller, Public Defender, York, for appellant.
George N. Marros, Asst. Dist. Atty., York, for Commonwealth, appellee.
Before: ORIE MELVIN, McCAFFERY and TAMILIA, JJ.
OPINION BY TAMILIA, J.:
¶ 1 J.M.P., a minor, appeals from the December 15, 2003 Order of disposition entered following the adjudication of delinquency, and the December 29, 2003 Order *18 grading his receiving stolen property offense as a second-degree felony.
¶ 2 On November 26, 2003, J.M.P. was found guilty of receiving stolen property (firearm), possession of firearm by minor, persons not to possess firearms, carrying firearms without a license, and possession of a small amount of marijuana. A dispositional hearing was held on December 15, 2003, at which time J.M.P. was adjudicated delinquent and remanded to the York Shelter Center. Also at the hearing, the issue arose as to the proper gradation of his offense of receiving stolen property. The stolen property was a .22 caliber Marlin rifle that had a barrel cut down to nine and one-half inches. On December 29, 2003, the court issued an Order finding the offense was a second-degree felony. Counsel for J.M.P. filed a notice of appeal on January 21, 2004. On February 2, 2004, the court issued an Opinion pursuant to Rule 1925(a) in which it found it had erred in the gradation of the offense and that J.M.P.'s offense of receiving stolen property should have been graded as a first-degree misdemeanor. Inexplicably, on February 5, 2004, even though the court had recognized its gradation error, appellant's counsel filed a praecipe to discontinue the appeal. On February 9, 2004, this Court ordered that the appeal be withdrawn without prejudice. On February 19, 2004, the Commonwealth filed a motion to enforce the juvenile court's December 29, 2003 Order. Counsel for J.M.P. then filed a petition for reinstatement of appellate rights, asserting that she had filed the praecipe to discontinue appeal in error. The juvenile court granted appellant permission to file an appeal nunc pro tunc on March 12, 2004. Appellant's notice of appeal was filed on April 14, 2004. Thereafter, on May 4, 2004, the juvenile court filed an Opinion pursuant to Pa.R.A.P.1925(a), in which it concluded it had erred and that appellant's receiving stolen property offense should have been graded as a first-degree misdemeanor.
¶ 3 Initially, it is necessary for us to consider the timeliness of this appeal. A notice of appeal must be filed within thirty days after entry of the Order being appealed, see Pa.R.A.P. 105(b), 903(a); Commonwealth v. Moir, 766 A.2d 1253 (Pa.Super.2000). This includes an Order reinstating appellate rights nunc pro tunc. Commonwealth v. Wright, 846 A.2d 730, 735 (Pa.Super.2004). As the notice of appeal here was filed beyond the thirty-day period, this Court directed appellant to show cause why the appeal should not be quashed as untimely. Counsel filed a letter explaining she had mistakenly assumed that once the juvenile court granted leave to reinstate the appeal nunc pro tunc, the appeal would be reinstated without further action. She further explained that on April 14, 2004, (two days after the 30-day appeal period had ended) the York County Clerk of Court's Office advised counsel that a notice of appeal was required and had not been filed. Counsel filed the appeal that day. Counsel implores that this Court not penalize the juvenile for the error for which she takes full responsibility.
¶ 4 In conducting our review, we are mindful that the implications of felony convictions and adjudications of delinquency are not the same.
[T]his Court has expressly recognized that juvenile proceedings are not criminal proceedings. In re R.A., 761 A.2d 1220, 1223 (Pa.Super.2000). Under the Juvenile Act,[1] juveniles are not charged with crimes; they are charged with committing delinquent acts. They do not have a trial; they have an adjudicatory *19 hearing. If the charges are substantiated, they are not convicted; they are adjudicated delinquent. Indeed, the Juvenile Act expressly provides that an adjudication under its provisions is not a conviction of a crime. 42 Pa.C.S.A. § 6354(a).
In re L.A., 853 A.2d 388, 393 (Pa.Super.2004). Although appellant would not have a "felony conviction" on his record as a result of this adjudication, and, generally, adjudications of delinquency are inadmissible in subsequent court proceedings, see 42 Pa.C.S.A. § 6354(b), there are significant implications that may attach when a juvenile is found guilty of a felony. Section 303.6(a)(2) of the Pennsylvania Sentencing Guidelines[2] provides that for sentencing purposes, a prior juvenile adjudication is counted in the prior record score where, as here, "there was an express finding by the juvenile court that the adjudication was for a felony." See also 204 Pa.Code §§ 303.2, 303.4.[3] An adjudication of delinquency involving an express finding that the offense was a felony, moreover, does not lapse. See § 303.6(c)(1) (providing that all other adjudications not identified in 303.6(a) lapse and are not counted in the prior record score if the offender was twenty-eight years old or older at the time the offense for which he is being sentenced was committed). Significantly also, graded as a second-degree felony, the offense would add two points to his prior record score.[4]Id., § 303.7.
¶ 5 Although the juvenile court made an express finding that J.M.P.'s receiving stolen property offense was a second-degree felony, it later filed an Opinion concluding it had erred in doing so and that the offense should have been graded as a first-degree misdemeanor. See Trial Court Opinions, Uhler, J., 2/2/04 and 5/4/04. Were we to quash this appeal, the remedies available to appellant to correct the court's error are limited. See In the Interest of B.S., 831 A.2d 151, 154 (Pa.Super.2003) (citation omitted) (reiterating that the Post Conviction Relief Act (PCRA)[5] does not apply to juveniles).
¶ 6 We are faced here with a procedural quagmire. After the juvenile court had recognized its error, J.M.P.'s counsel filed a praecipe to withdraw the initial appeal. It was only after this Court granted the praecipe to discontinue the appeal, did counsel determine she had erred in filing the praecipe. Next, counsel filed a motion to reinstate J.M.P.'s appellate rights nunc pro tunc. When that motion was granted, she then failed to file an appeal within thirty days of that Order. The question of timeliness of an appeal is jurisdictional in nature. Moir, supra at 1254 (citation omitted). Failure to file a timely notice of appeal divests this Court of jurisdiction. Commonwealth v. Edrington, 780 A.2d 721, 725 (Pa.Super.2001), citing Moir. Because there is no question this appeal was filed more than thirty days after entry of the Order being appealed, we must determine whether we are constrained to quash this appeal.
*20 ¶ 7 A juvenile judged to be delinquent has a right to appeal.[6]In the Interest of B.S., 831 A.2d 151, 155 (Pa.Super.2003) (citation omitted). A juvenile also has a right to effective assistance of counsel on appeal, which includes the right to have counsel properly preserve and effectuate his appeal. Id. Failure by appellate counsel to preserve appellate rights constitutes ineffectiveness per se. Id. The typical remedy for such ineffectiveness is to remand for an appeal nunc pro tunc. Id. Where the issues were briefed by both parties and the record is complete, we have addressed the merits of the appeal. Id. Here, we cannot provide J.M.P. with these remedies because the issue of ineffectiveness has not been raised. See Commonwealth v. McKenna, 476 Pa. 428, 383 A.2d 174, 179 (1978) (stating that an appellate court is not to raise sua sponte issues which it perceives in the record where those issues are not presented at the appeal level).
¶ 8 We decline to quash this appeal as untimely, however. We do so because, upon careful review of the record, we find that the March 12, 2004 Order from which this appeal is taken, did not inform appellant that he was required to file a notice of appeal within thirty days. The Order stated "leave is hereby granted to reinstate the appeal nunc pro tunc". Trial Court Order, Uhler, J., 3/12/04, at 1. We compare this case to that of Commonwealth v. Wright, 846 A.2d 730 (Pa.Super.2004). In Wright, appellant's PCRA counsel filed a petition to restore appellant's direct appeal rights nunc pro tunc due to trial counsel's failure to file a direct appeal as appellant had requested. Relief was granted and his appellate rights were reinstated nunc pro tunc. A notice of appeal was ultimately filed two months after the Order reinstating the appellant's direct appeal rights. Id. Although the appeal was untimely, we declined to quash it since the Order restoring the appellant's direct appeal rights simply stated that the appellant was "granted leave to file a Notice of Direct Appeal nunc pro tunc to the Pennsylvania Superior Court," but, critically, did not inform appellant that he had thirty days in which to file his appeal. Id., at 733, 735. We did not fault appellant for failing to appeal within thirty days of the Order restoring his direct appeal rights. We based that decision in part on Pa.R.Crim.P. 704(c), which requires the court at the time of sentencing to inform a defendant of his appellate rights and the time within which such rights must be exercised. Wright, at 735. Neither extant case law nor Rule 704(c) specifically addressed situations where the PCRA court reinstated a defendant's direct appeal rights nunc pro tunc, but failed to inform the defendant of the time within which he must file such appeal. We concluded, however, that where a PCRA court restores a defendant's direct appeal rights nunc pro tunc, the court must inform the defendant that the appeal must be filed within thirty days of the entry of the Order. Id.
¶ 9 The Rules of Criminal Procedure do not apply to the juvenile courts, see Pa.R.Crim.P. 1, and there is no set of rules for the juvenile court which corresponds to the Pennsylvania Rules of Criminal Procedure. There is no explicit requirement that a juvenile court must inform a juvenile of his appellate rights and the time in which he must exercise them. *21 Where, as here, the adjudication could have such long-lasting and significant effect, the need to do so becomes glaringly apparent. We conclude that a juvenile court must so inform a juvenile, and the failure to do so is a breakdown in the court's operation such that we are justified in declining to quash the appeal. Cf. Commonwealth v. Coolbaugh, 770 A.2d 788 (Pa.Super.2001) (declining to quash the appeal where failure to file a timely appeal was the result of the court's misstatement of the appeals period, i.e., a breakdown in the court's operation). Here, counsel was not explicitly told and was not on notice that an appeal had to be filed within thirty days of the court's March 12, 2004 Order.[7] Therefore, no appeal was filed. We will not fault counsel, however, because the day she was put on notice, she immediately filed an appeal. We decline the opportunity to quash, therefore, and will reach the merits of this appeal.
¶ 10 There is but one issue for us to consider: whether the juvenile court erred in grading appellant's receiving stolen property offense as a second-degree felony rather than as a first-degree misdemeanor. 18 Pa.C.S.A. § 3903, Grading of theft offenses, as amended in 1999, provides:
(a) Felony of the second degree.  Theft constitutes a felony of the second degree if:
(1) The offense is committed during a manmade disaster, a natural disaster or a war-caused disaster...
(2) The property stolen is a firearm.
(3) In the case of theft by receiving stolen property, the property received, retained or disposed of is a firearm and the receiver is in the business of buying or selling stolen property.
(a.1) Felony of the third degree.  Except as provided in subsection (a), theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.
(b) Other grades.  Theft not within subsection (a) or (a.1) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation....
18 Pa.C.S.A. § 3903 (emphasis supplied).[8] The dispute centers upon the effect of subsections (a)(2) and (3). Appellant argues that subsection (a)(3) specifically addresses the offense of receiving stolen property when the property is a firearm and requires that the offender be "in the business of buying or selling stolen property." See Section 3903(a)(3). Since there was no evidence J.M.P. was in the business of buying or selling stolen property, he contends his offense is not a second-degree felony pursuant to Section 3909(a)(3), but *22 rather a first-degree misdemeanor pursuant to Section 3903(b).
¶ 11 The Commonwealth argues Sections (a)(2) and (a)(3) are duplicative and that all theft offenses involving a stolen firearm are to be graded as second-degree felonies. We disagree. The Commonwealth's interpretation would render meaningless and superfluous subsection (a)(3), and we refuse to adopt such an interpretation. See Commonwealth v. Reefer, 816 A.2d 1136, 1141 (Pa.Super.2003) (reiterating that every statute shall be construed, if possible, to give effect to all of its provisions); see also Commonwealth v. Anthony, 553 Pa. 55, 717 A.2d 1015 (1998) (refusing to adopt the Commonwealth's interpretation of a statute which rendered much of its language meaningless).
¶ 12 We also note that the Commonwealth relies in part upon our holding in Commonwealth v. Holzlein, 706 A.2d 848 (Pa.Super.1997), in which we held that pursuant to Section 3903, any theft charge that involved firearms as the stolen property was properly classified as a third-degree felony. In Holzlein, however, our conclusion was based on our interpretation of the language of 3903 as it existed prior to the 1999 amendments. That language provided, in pertinent part,
(a.1) Felony of the third degree.  Except as provided in subsection (a), theft constitutes a felony of the third degree if the amount exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle or motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.
Section 3903 (as amended Nov. 29, 1990). Since Holzlein, our legislature has amended the language such that there is a provision, subsection (a)(3), which applies specifically to the offense of receiving stolen property when the property is a firearm. Holzlein, therefore, is not controlling.
¶ 13 In our holding, we are guided by the plain meaning of Section 3903(a)(3). See Commonwealth v. Welgos, 831 A.2d 721, 723 (Pa.Super.2003) (reiterating that statutes are to be interpreted according to their plain meaning). According to the plain language of the statute, where the offense is receiving stolen property and the property is a firearm, subsection (a)(3) requires that the receiver be "in the business of buying or selling stolen property" for the offense to be classified as a second-degree felony. Section 3903(a)(3). If that requirement is not met, the offense falls within subsection (b). Here, there was no evidence J.M.P. was in the business of buying and selling stolen property. Accordingly, the offense was improperly graded as a second-degree felony and, as indicated by the Honorable John C. Uhler in his Opinions of both February 2, 2004 and May 4, 2004, should have been graded a first-degree misdemeanor.
¶ 14 The December 15, 2003 Order of Disposition, as well as the December 29, 2003 Order finding the receiving stolen property offense to be a second-degree felony, are vacated. This case is remanded for modification of the Adjudication of Delinquency. The Adjudication should be amended so as to grade appellant's offense of receiving stolen property as a misdemeanor one rather than a felony two. The Order of Disposition must then be reinstated.
¶ 15 Jurisdiction relinquished.
NOTES
[1] 42 Pa.C.S.A. § 6301 et seq.
[2] 204 Pa.Code § 303.1 et seq.
[3] We note here that under the Sentencing Guidelines, this adjudication would count toward appellant's prior record score in any subsequent criminal offense since it was committed after appellant's fourteenth birthday. See 204 Pa.Code 303.6(a)(1). Appellant's date of birth is April 21, 1986.
[4] We recognize that the Sentencing Guidelines are merely advisory and sentencing judges may sentence outside of the guidelines if they deem it appropriate to do so and offer good reasons. Commonwealth v. Eby, 784 A.2d 204, 206 (Pa.Super.2001) (citation omitted).
[5] 42 Pa.C.S.A. §§ 9541 et seq.
[6] The Juvenile Act does not provide for the right of appeal. Rather, it is a Constitutional Right guaranteed by Article V, Section 9 of the Pennsylvania Constitution. In the Interest of A.P., 421 Pa.Super. 141, 617 A.2d 764, 766 (1992) (en banc), aff'd per curiam, 536 Pa. 450, 639 A.2d 1181 (1994).
[7] The juvenile court's Order did not explicitly inform J.M.P. that he had thirty days in which to file an appeal, nor did it reference Pa.R.A.P. 903(a), which states that an appeal must be filed within thirty days after the entry of the Order from which the appeal is taken. Cf. In Re C.R.J., 801 A.2d 1261 (Pa.Super.2002) (holding that juvenile's claims on appeal were waived due to his failure to file a timely 1925(b) statement where, although the court's Order did not explicitly warn the juvenile of the 14-day limitation period, it did reference Rule 1925(b), which put him on notice of the time period).
[8] There is no dispute the .22 caliber Marlin rifle with the barrel cut down to nine and one half inches was a firearm pursuant to 18 Pa.C.S.A. § 6102, Definitions, which provides in relevant part that a "firearm" is "any pistol or revolver with a barrel length less than 15 inches".