J-S74019-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: B.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: B.D. | : | No. 193 EDA 2014 |

Appeal from the Dispositional Order February 26, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No(s): CP-51-JV-10000240-2012
and CP-51-JV-10000254-2012

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED JANUARY 05, 2015**

B.D. appeals from the February 26, 2013 order entered by the Philadelphia County Court of Common Pleas following his adjudication of delinquency for criminal conspiracy, criminal mischief, criminal trespass, and theft by unlawful taking before the Delaware County Court of Common Pleas.[1]  Finding the appeal untimely, we quash.

The history of the case, as summarized by the Philadelphia County juvenile court, is as follows:

> On February 4, 2012, [B.D.] was arrested in Delaware County and charged with Criminal Mischief (M2) and Criminal Conspiracy to Criminal Mischief (M2) in violation of 18 Pa.C.S.A. § 3304 on Delaware County Petition # 2012-000349, Philadelphia Docket Number CP-51-JV-1000240-2012.
>
> On March 30, 2012, [B.D.] was arrested in Delaware County and charged with Defiant Trespass (M3) and Theft by Unlawful Taking (M3) in violation

---
[1]  18 Pa.C.S.A §§ 903, 3304, 3503, 3921.

*Retired Senior Judge assigned to the Superior Court.

of 18 Pa.C.S.A. § 3503(b)(1)(iii) and 18 Pa.C.S.A. § 3921 on Delaware County Petition # 2012-000517, Philadelphia Docket Number CP-51-JV-1000254-2012.

On September 13, 2012, [B.D.] and his counsel, Howard Cohen, Esquire, appeared before the Honorable Barry Dozor of the Delaware County Court of Common Pleas — Juvenile Division. [B.D.] entered admissions on both petitions at that time. [B.D.] was ordered to complete 72 hours of community service with an additional 32 hours in lieu of Court Costs. Stay Away Orders were entered on both petitions. In addition, Judge Dozor ordered restitution in the amount of $3,706.12 on Delaware County Petition # 2012-000349, Philadelphia Petition # CP-51-JV-1000240-2012. Judge Dozor did not order restitution [on] Delaware County Petition # 2012-000517, Philadelphia County Petition # CP-51-JV-1000254-2012.

On September 17, 2012, [B.D.] was adjudicated delinquent on both petitions before Judge Dozor. On October 1, 2012, both [p]etitions were transferred to Philadelphia County for supervision.

The matter was listed before the Honorable Robert J. Rebstock on November 27, 2012, but continued until January 22, 2013. On January 22, 2013, the [c]ourt was not sitting and the matter was again continued until February 26, 2013.

On February 26, 2013, the [c]ourt placed [B.D.] on probation and directed that restitution be paid as ordered by Judge Dozor. In addition, this [c]ourt ordered random drug screens, mandatory school, no unexcused absences/latenesses and the completion [of] community service.

On June 3, 2013, the [c]ourt appointed the Defender Association of Philadelphia, and the matter was continued until September 5, 2013.

- 2 -

On September 5, 2013, the [c]ourt ordered that [B.D.] remain on [p]robation with the same conditions as previously ordered.

On September 16, 2013, [B.D.]'s [a]ttorney filed a Motion to Rescind Restitution Order Nunc Pro Tunc [before the Philadelphia County juvenile court]. The [c]ourt denied the motion on October 3, 2013.

On October 25, 2013, [B.D.]'s [a]ttorney filed a Motion for Allowance of Appeal Nunc Pro Tunc. By operation of law, the Motion for Allowance of Appeal Nunc Pro Tunc was denied.

Juvenile Court Opinion, 6/4/14, at 1-3 (record citation omitted).

On December 26, 2013, B.D. filed a notice of appeal and thereafter complied with the juvenile court's order requiring the filing of a concise statement of errors complained of on appeal. B.D. presents one issue on appeal for our review: "Was restitution improperly ordered without determining [B.D.]'s ability to pay?" B.D.'s Brief at 2.

Prior to addressing the merits of this issue, we must first consider the Commonwealth's contention that the appeal is untimely. *See* Commonwealth's Brief at 8-9. The Rules of Juvenile Court Procedure state that in the absence of a timely filed post-dispositional motion, a juvenile must file a notice of appeal from a dispositional order within thirty days of that order. Pa.R.J.C.P. 620(B)(3). For a post-dispositional motion to be timely, the juvenile must file it within ten days of the imposition of the

dispositional order. Pa.R.J.C.P. 620(B)(1). Following the timely filing of a post-dispositional motion, the juvenile must file a notice of appeal

>    (a) within thirty days of the entry of the order deciding the motion;
>
>    (b) within thirty days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or
>
>    (c) within thirty days of the entry of the order memorializing the withdrawal in cases in which a party withdraws the motion.

Pa.R.J.C.P. 620(B)(2).

The record in this case reflects a procedural morass. The order complained of on appeal is the February 26, 2013 order entered by the Philadelphia County juvenile court. *See* Notice of Appeal, 12/26/13. At that hearing, the Philadelphia County juvenile court accepted supervision over B.D. and entered the following order: "The juvenile shall be placed on [p]robation under the supervision of the Philadelphia Juvenile Probation Department. Restitution to be paid as ordered in Delaware County, [r]andom drug screens, [m]ust attend school, no unexcused absences, lateness, cutting or suspensions, complete community service hours." Juvenile Court Order, 2/26/13. The record reflects that B.D. did not have counsel at this hearing; it was not until June 3, 2013 that the juvenile court appointed counsel to represent B.D. in the Philadelphia proceedings, at

which time it appointed current counsel, Defender Association of Philadelphia. *See* N.T., 2/26/13, at 7; Juvenile Court Order, 6/3/13.

At the September 5, 2013 review hearing, counsel for B.D. attempted to question the juvenile court regarding the restitution order. The juvenile court informed counsel that any question regarding the restitution order must be addressed to the Delaware County juvenile court. Nonetheless, on September 16, 2013, counsel for B.D. filed a post-dispositional motion nunc pro tunc before the Philadelphia County juvenile court requesting that the court rescind the order requiring B.D. to pay restitution, alleging:

> (1) [B.D.] was unrepresented by counsel at the disposition hearing at which restitution was ordered, and (2) it failed to inquire into [B.D.]'s ability to pay before ordering restitution, and (3) the facts alleged in the petitions and supporting documents generated in Delaware County fail to sufficiently assert the basis for the restitution amount ordered.

*See* Motion to Rescind Restitution Order Nunc Pro Tunc, 9/16/13. On October 3, 2013, the juvenile court denied that motion. Juvenile Court Order, 10/3/13.

On October 25, 2013, counsel for B.D. filed a motion for permission to appeal the February 26, 2013 order nunc pro tunc in the Philadelphia County juvenile court. Motion for Allowance of Appeal Nunc Pro Tunc, 10/25/13. The court took no action on that motion for more than thirty days, resulting in its denial by operation of law. Juvenile Court Order, 12/19/13; *see also* Pa.R.J.C.P. 625(E)(1) (stating that if the juvenile court fails to decide a

motion for nunc pro tunc relief within thirty days, the motion is deemed denied by operation of law).

Counsel for B.D. subsequently filed a notice of appeal to this Court on December 26, 2014. As stated hereinabove, however, he appeals from the February 26, 2013 order, the notice of appeal for which was filed ten months after the order. Counsel makes no argument regarding the juvenile court's denial of his request to appeal the February 26, 2013 order nunc pro tunc or the denial of his motion for post-dispositional relief nunc pro tunc, both of which, as explained below, are final, appealable orders.

Although not developed in the argument section of his appellate brief, in a footnote in the statement of facts, counsel for B.D. appears to suggest that a direct appeal nunc pro tunc is a matter of right in a juvenile proceeding. *See* B.D.'s Brief at 5 & n.1 (citing *In Interest of A.P.*, 617 A.2d 764 (Pa. Super. 1992) (en banc), *aff'd*, 639 A.2d 1181 (Pa. 1994)). In *A.P.*, the court adjudicated the juvenile delinquent and placed him on probation. *In Interest of A.P.*, 617 A.2d at 766. Approximately two months later, new counsel from the same public defender's office that employed trial counsel filed a motion for permission to file an appeal nunc pro tunc, which the juvenile court denied. *Id.* Counsel filed a notice of appeal on A.P.'s behalf, asserting, inter alia, that the juvenile court erred by denying the motion to appeal nunc pro tunc "where the failure to timely file a notice of appeal was due to ineffective assistance of counsel that was

apparent on this record[.]" ***Id.***[2] Finding that a juvenile has the right to appeal from a dispositional order and that a juvenile also has the right to effective assistance of counsel, this Court concluded that counsel's failure to file a direct appeal from the dispositional order, in the absence of A.P.'s express waiver, constituted per se ineffective assistance of counsel. ***Id.*** at 767. Because A.P., as a juvenile adjudicated delinquent, had no recourse to challenge trial counsel's ineffectiveness pursuant to the Post Conviction Relief Act, the only remedy available to A.P. at that time for the denial of his constitutional right to appeal the dispositional order because of counsel's ineffectiveness was to permit the filing of a direct appeal nunc pro tunc. ***Id.*** at 768. We therefore reversed the juvenile court's denial of A.P.'s motion to appeal nunc pro tunc and proceeded to decide the substantive issues raised on appeal. ***Id.***

In the years since we decided ***A.P.***, our Supreme Court amended the Rules of Juvenile Court Procedure, inter alia, setting forth procedures for the filing and review of motions for nunc pro tunc relief in a delinquency matter.

---

[2] As the Court in ***A.P.*** observed, generally, "a public defender may not argue the ineffectiveness of another member of that public defender's office who represented the client at a previous stage in the proceedings." ***Commonwealth v. Fetzner***, 539 A.2d 890, 892 (Pa. Super. 1988). However, "an exception to the general rule was expanded to allow one member of a public defender's office to raise the ineffectiveness of another member of the same office provided that reversible error was apparent on the record." ***Id.*** (citing ***Commonwealth v. McNeal***, 396 A.2d 424, 426 (Pa. Super. 1978) (en banc)).

*See* Pa.R.J.C.P. 622, 625.[3] Pursuant to Rule 622(A), "[a] motion for *nunc pro tunc* relief shall be filed by the juvenile with the clerk of courts in the court in which the alleged error occurred as soon as possible but no later than sixty days after the date that the error was made known." Pa.R.J.C.P. 622(A). Rule 622(C) sets forth a list of what must be included in a motion for nunc pro tunc relief. Rule 622(D) provides the Commonwealth the opportunity to file an answer. Finally, Rule 625 governs the disposition of a motion for relief nunc pro tunc. *See generally* Pa.R.J.C.P. 625. It is therefore clear that reinstatement of direct appeal rights nunc pro tunc are not automatic, but such a request may be granted in appropriate cases.[4] Moreover, Rule 625(F) indicates that the denial of a motion for relief nunc pro tunc is itself a final, appealable order. *See* Pa.R.J.C.P. 625(F).

There is no question that B.D. was entitled to counsel at the February 26, 2013 hearing.[5] Although the record reflects that counsel for B.D. raised

---

[3] Rule 622 anticipates the raising of claims of counsel's ineffectiveness in a motion for relief nunc pro tunc, rendering the continued viability of the analysis in *A.P.* doubtful. *See* Pa.R.J.C.P. 622(B) ("If alleged ineffective assistance of counsel is the basis for the motion, counsel is to withdraw pursuant to Rule 150(C) and the judge shall assign new counsel.").

[4] Curiously, although Rule 622 became effective on April 1, 2012, and counsel's motions for nunc pro tunc relief were filed on September 16, 2013 and October 25, 2013, respectively, neither motion references Rule 622 or its requirements.

[5] The law is clear that a juvenile is entitled to representation "at all stages of any proceedings" held under the Juvenile Act. 42 Pa.C.S.A. § 6337. A child in a delinquency matter is "presumed indigent," and "[i]f child appears

- 8 -

this issue in the September 16, 2013 post-dispositional motion nunc pro tunc, counsel did not appeal from the denial of that motion and makes no argument on appeal regarding the juvenile court's decision to proceed in the absence of counsel representing B.D. at the February 26, 2013 hearing. Rather, B.D. filed an untimely appeal from the February 26, 2013 order, raising only the propriety of the adoption of the Delaware County juvenile court's restitution order without first holding a hearing on B.D.'s ability to pay. *See* B.D.'s Brief at 8-10. We therefore have no jurisdiction to decide this appeal and powerless to address the substantive issue raised or the clear error committed by the juvenile court in failing to provide B.D. with counsel at that hearing. ***See Commonwealth v. Williams***, ___ A.3d ___, 2014 WL 3672870, *3 (Pa. July 21, 2014) (stating that "an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal").

In support of its conclusion that we are permitted to decide the issue raised on appeal, the Dissent relies upon ***In re J.M.P.***, 863 A.2d 17 (Pa.

_____

at any hearing without counsel, the court shall appoint counsel for the child prior to the commencement of the hearing." 42 Pa.C.S.A. § 6337.1(b)(1).

The record reflects that the Commonwealth alerted the juvenile court in the middle of the proceeding, prior to the court entering its dispositional order, that B.D. was unrepresented. N.T., 2/26/13, at 7. The juvenile court responded by saying: "That's because he had an attorney out in Delaware County," but then failed to appoint counsel to represent B.D. at that hearing or continue the hearing for counsel from Delaware County to be present. ***Id.***

Super. 2004), wherein this Court stated that appellate counsel's failure to preserve the appellate rights of a juvenile adjudicated delinquent constitutes per se ineffective assistance of counsel. Dis. at 2 (citing *In re J.M.P.*, 863 A.2d at 20). The Dissent thus concludes, "Because counsel was *per se* ineffective in failing to preserve B.D.'s appellate rights, in combination with the breakdown of the system by failure to appoint counsel, I conclude that this Court should not quash this appeal and should consider the merits." *Id.* at 3.

Like the Dissent, it would be our preference to reach the merits of the issue raised on appeal. The Dissent, however, omits from its discussion that in *J.M.P.*, we found that we could not review the merits of the issues raised in the untimely appeal nunc pro tunc[6] pursuant to a finding that counsel was ineffective per se, as J.M.P. did not include an ineffectiveness claim on appeal. *In re J.M.P.*, 863 A.2d at 20. Because "an appellate court is not to raise *sua sponte* issues which it perceives in the record where those issues

---

[6] In *J.M.P.*, counsel originally filed a timely notice of appeal, but erroneously filed a praecipe to withdraw the appeal while it was pending before this Court. *In re J.M.P.*, 863 A.2d at 18. Counsel then petitioned the juvenile court to reinstate J.M.P.'s appeal rights nunc pro tunc, which the juvenile court granted. *Id.* Counsel filed the notice of appeal two days after the end of the appeal period. *Id.* Counsel for J.M.P. advised this Court that she was never informed that she had to file a notice of appeal following the juvenile court's reinstatement of J.M.P.'s appeal rights nunc pro tunc; she was under the mistaken belief that once the juvenile court granted the request that the appeal would proceed without any additional filings or action. *Id.* When the juvenile court informed her, two days after the appeals period ended that she in fact had to file a notice of appeal, counsel did so immediately. *Id.*

are not presented at the appeal level," we found that J.M.P. was not entitled to relief on that basis. *Id.* (citing *Commonwealth v. McKenna*, 383 A.2d 174, 179 (Pa. 1978)).

Rather, we found we could decide the merits of the appeal because counsel for J.M.P. failed to timely file the notice of appeal as a result of the juvenile court's failure to inform counsel that she must file a notice of appeal within thirty days of the order reinstating J.M.P.'s appeal rights nunc pro tunc. *Id.* at 21. We found that this constituted "a breakdown in the court's operation such that we are justified in declining to quash the appeal." *Id.*

In the case at bar, counsel for B.D. did not raise an ineffectiveness claim on appeal. Thus, pursuant to *J.M.P.*, we are precluded from sua sponte finding that counsel was ineffective per se and deciding the merits of the issue raised on that basis. *See id.* at 20. Nor does counsel allege that the failure to inform B.D. of his appellate rights at the February 26, 2013 hearing caused the untimely filing of the instant appeal. To the contrary, the record reflects that counsel clearly recognized that any appeal from the February 26, 2013 order was untimely, as she expressly requested to file an appeal nunc pro tunc from that order. Therefore, unlike in *J.M.P.*, the juvenile court's failure to inform B.D. of the time for filing an appeal from that order does not provide justification for deciding the issue raised. *See id.* at 21.

This does not leave the B.D. without an avenue for relief. As stated above, Rule 622 of the Rules of Juvenile Court Procedure permit a juvenile to file for nunc pro tunc relief within "sixty days after the date that the error was made known." Pa.R.J.C.P. 622(A). The Rule specifically permits the basis for this motion to be a claim of counsel's ineffectiveness for failing to preserve his right to appellate review or to properly effectuate his appeal. Pa.R.J.C.P. 622(B).[7]

Based upon the untimeliness of the appeal and the arguments raised on appeal, we are without jurisdiction to decide the appeal or to excuse the untimeliness. *See Williams*, 2014 WL 3672870 at \*3; *In re J.M.P.*, 863 A.2d at 20-21. As such, we are constrained to quash the appeal.

Appeal quashed.

Bender, P.J.E. joins the Memorandum.

Strassburger, J. files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2015

---

[7]  Rule 622(B) states:  "If alleged ineffective assistance of counsel is the basis for the motion, counsel is to withdraw pursuant to Rule 150(C) and the judge shall assign new counsel."  Pa.R.J.C.P. 622(B).