J-S74019-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: B.D., A MINOR,  :  IN THE SUPERIOR COURT OF
:      PENNSYLVANIA
:
:
APPEAL OF: B.D.        :
:  No. 193 EDA 2014

Appeal from the Dispositional Order Entered February 26, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-JV-10000254-2012

BEFORE:  BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED JANUARY 05, 2015**

Due to a series of procedural errors by both the juvenile court and his counsel, the majority concludes that we are constrained to quash this appeal.  I respectfully dissent, and would address the merits.

First, I point out the error of the juvenile court, which was the catalyst to the "procedural morass" we are facing in this case.  Effective June 8, 2012, section 6337.1 was added to the Juvenile Act to protect further the rights of juveniles involved in delinquency proceedings.  It reads, in relevant part, that "[i]f a child appears at any hearing without counsel, the court **shall appoint counsel for the child prior to the commencement of the hearing**." 42 Pa.C.S. § 6337.1(b)(1) (emphasis added).  On February 26, 2013, B.D. appeared before the juvenile court for a dispositional hearing while not represented by counsel.  The juvenile court did not appoint counsel.  This was clear error.  Compounding that error is the fact that the

* Retired Senior Judge assigned to the Superior Court.

juvenile court did not inform B.D. of his appellate rights after his dispositional hearing. *See* N.T., 2/26/2013.[1]

After the juvenile court finally appointed counsel, counsel attempted repeatedly to discuss the restitution order with the juvenile court, but the juvenile court declined to consider it. *See* N.T., 9/5/2013, at 4-7. Thus, counsel timely filed a motion for leave to appeal the February 26, 2013 dispositional order *nunc pro tunc* pursuant to Pa.R.Juv.P. 622. The juvenile court took no action on that motion; thus, pursuant to Pa.R.Juv.P. 625(E), an order was entered on December 19, 2013 denying the motion by operation of law. There is no question that was an appealable order; however, counsel then erred by filing a notice of appeal from the February 26, 2013 dispositional order rather than the December 19, 2013 order denying leave to file an appeal *nunc pro tunc*.

> A juvenile judged to be delinquent has a right to appeal. A juvenile also has a right to effective assistance of counsel on appeal, which includes the right to have counsel properly preserve and effectuate his appeal. Failure by appellate counsel to preserve appellate rights constitutes ineffectiveness *per se*. The typical remedy for such ineffectiveness is to remand for an appeal *nunc pro tunc*.

*In re J.M.P.*, 863 A.2d 17, 20 (Pa. Super. 2004) (citations and footnote omitted).

---

[1] I recognize that there is no explicit requirement that the juvenile court must inform a juvenile of his appellate rights. However, this Court has previously held that "a juvenile court must so inform a juvenile, and the failure to do so is a breakdown in the court's operation[.]" *In Re J.M.P.*, 863 A.2d 17, 21 (Pa. Super. 2004).

Because counsel was *per se* ineffective in failing to preserve B.D.'s appellate rights, in combination with the breakdown of the system by failure to appoint counsel, I conclude that this Court should not quash this appeal and should consider the merits.