J-S67024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAVINCE J. PATE | |
| Appellant | No. 776 MDA 2015 |

Appeal from the Judgment of Sentence December 14, 2009
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002303-2008
CP-22-CR-0003548-2008

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J[*].

MEMORANDUM BY  PANELLA, J.                **FILED FEBRUARY 09, 2016**

Appellant, Lavince J. Pate, appeals *nunc pro tunc* from the judgment of

sentence entered on December 14, 2009, in the Court of Common Pleas of

Dauphin County. We affirm the convictions, but vacate the judgment of

sentence and remand for re-sentencing as we have upset the sentencing

scheme.

This case has an unusual procedural history of which we assume the

parties' familiarity. We set forth only so much of the procedural history as is

necessary to resolve this appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On December 4, 2009, Pate pled guilty to numerous counts stemming from his trafficking narcotics. The trial court immediately proceeded with sentencing and imposed a sentence of imprisonment of 5 to 10 years at count 4 at docket number 2303 CR 2008, which imposed a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712.1. The trial court further ordered sentences at the other counts under that docket number and a count at docket number 3548 CR 2008 to run concurrently to the sentence at count 4.

Pate did not file a direct appeal. He eventually filed a timely *pro se* PCRA petition and the court appointed counsel. Appointed counsel then filed a "Motion to Reinstate Appellate Rights Under the Post Conviction Relief Act." The motion *only* sought to reinstate Pate's direct appeal rights *nunc pro tunc*; it did not seek reinstatement of his right to file a post-sentence motion *nunc pro tunc*. The PCRA court reinstated Pate's direct appeal rights *nunc pro tunc* on March 16, 2011. The order did not inform Pate that he had thirty days in which to file an appeal.

Pate did not file an appeal. Instead, nine days after entry of the order granting the reinstatement of his appellate rights *nunc pro tunc*, Pate filed a motion requesting an extension of time in which to file a post-sentence motion. The trial court granted the extension. Pate sought and the trial court granted another such extension. On May 19, 2011, Pate filed a post-sentence motion in which he sought to withdraw his guilty plea.

On July 8, 2011, the trial court held a hearing on the post-sentence motion. After a brief hearing, the trial court explained that it found that Pate entered a knowing and voluntary guilty plea. The court informed Pate that he had "30 days to file your direct appeal. That's what you got nunc pro tunc." N.T., Evidentiary Hearing, 7/8/11, at 11. The trial court did not promptly enter an order on the docket denying the post-sentence motion. Nor did the clerk of courts enter an order denying it by operation of law. Pate did not file an appeal.

While still represented by counsel, William M. Shreve, Esquire, Pate filed a *pro se* PCRA petition, on August 13, 2014, and a supplemental petition on December 26, 2013. The PCRA court appointed counsel, Christopher Dreisbach, Esquire. Attorney Dreisbach later petitioned to withdraw as counsel. "[T]he court recognized the procedural irregularity of the appointment of PCRA counsel and that the Post-Sentence Motion remained undecided." Trial Court Opinion, 10/16/15, at 3. To correct these procedural anomalies, the court ordered that Attorney Shreve remain as counsel and entered an order denying the post-sentence motion—on April 9, 2015. The court also denied the PCRA petition as premature.

After the entry of the April 9 order, Pate filed this appeal. On appeal, he claims that his sentence is illegal.

A challenge to an illegal sentence can never be waived, *see*, *e.g.*, *Commonwealth v. Mathias*, 121 A.3d 558, 562 n.3 (Pa. Super. 2015), but

- 3 -

to review such a claim "we must first have jurisdiction[,]" **Commonwealth v. Capaldi**, 112 A.3d 1242, 1245 n.4 (Pa. Super. 2015) (citation omitted). We must determine whether we have jurisdiction. To do that we must untangle the knot that is the procedural history of this case.

The trial court maintains that Pate's appeal is untimely, as he should have appealed within thirty days of the order restoring his appellate rights *nunc pro tunc*. The trial court further contends that Pate never had authority to file a post-sentence motion, as "the reinstatement of direct appeal rights did not include the right to file a post-sentence motion." Trial Court Opinion, 10/16/15, at 4. This is an interesting position to take now given that it *permitted* not one, but two extensions to file a post-sentence motion. Indeed, the trial court

> recognize[s] that the Defendant's motions and the [c]ourt's Orders as to extensions of time within to file a post-sentence motion suggested that the *nunc pro tunc* relief included that right. Such orders, while procedurally incorrect, were not tantamount to the requisite express grant of a right to file a post-sentence motion

**Id**., at 5.

We agree with the trial court that Pate should have appealed within thirty days of the entry of the order granting him restoration of his appellate rights *nunc pro tunc* and that he did not have the authority to file a post-sentence motion. But as we explain below, we cannot find this appeal untimely as the order granting the restoration of his appellate rights was defective.

The reinstatement of Pate's direct appeal rights did not *automatically* reinstate his right to file a post-sentence motion *nunc pro tunc*. **See Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2009). Rather, in accordance with **Liston**, "a PCRA petitioner who is granted reinstatement of his direct-appeal rights *nunc pro tunc* is not entitled to a subsequent order reinstating his right to file post-sentence motions *nunc pro tunc* if he has not requested such relief with the PCRA court, and if the court did not hold an evidentiary hearing on that issue." **Commonwealth v. Fransen**, 986 A.2d 154, 155 (Pa. Super. 2009).

Pate *only* requested reinstatement of his direct appeal rights; he did *not* request reinstatement of his right to file a post-sentence motion. The trial court should never have entertained motions for extensions of time to file a post-sentence motion. Pate had no authority to file a post-sentence motion, as he never requested reinstatement of his right to file that motion. The hearing on that motion was a legal nullity, rendering the trial court's explanation of his appellate rights at that time meaningless. In addition, the trial court did not enter an order on the docket until years later.

Interestingly, the Commonwealth argues that the appeal is untimely as the post-sentence motion was denied by operation of law "on or around September 16, 2011." Commonwealth's Brief, at 6. This position is simply untenable. As mentioned, the trial court entered an order on the docket years after the hearing; it was never denied by operation of law. **See**

Pa.R.Crim.P. 720(3)(c) ("When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and, as provided in Rule 114, forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied. …"). The clerk of courts never entered an order on the docket in this case.

The restoration of Pate's direct appeal rights provided him with the *exact* appellate rights he originally had. **See Commonwealth v. Wright**, 846 A.2d 730, 735 (Pa. Super. 2004). Pate was thus required to file an appeal within thirty days of entry of the order reinstating his direct appeal rights. **See id**. He did not. He filed the instant appeal *years* later. This appeal is patently untimely and we appear to be without jurisdiction. But there is yet another wrinkle: The order reinstating Pate's direct appeal rights *nunc pro tunc* failed to inform him that he had thirty days to file an appeal. The order simply provides that "[T]he Defendant's appellate rights are hereby reinstated." Order, filed 3/16/11. In **Wright**, decided *years* before entry of the order in this case, this Court wrote to make it "clear" that "if a PCRA court restores a defendant's direct appeal rights *nunc pro tunc,* the court *must* inform the defendant that the appeal must be filed within 30 days of the entry of the order." 846 A.2d at 735 (emphasis added).

Accordingly, we will not quash this appeal as untimely filed and will address it on the merits given the complete absence of notice of the thirty-day appeal period. *See id*. *See also In re J.M.P.*, 863 A.2d 17, 20 (Pa. Super. 2004) (refusing to quash appeal as untimely where order granting leave to reinstate the appeal *nunc pro tunc* did not provide notice of thirty-day appeal period); *Commonwealth v. Bogden*, 528 A.2d 168, 170 (Pa. Super. 1987) (holding that an appeal would not be quashed as untimely when trial court misinformed the defendant by not advising him that an appeal had to be taken within thirty days of the imposition of sentence).

We proceed to the merits. Despite all of the procedural problems in this case, the actual resolution of this appeal on the merits is straightforward.

Pate argues that he was sentenced to a mandatory minimum prison term based on statutes that are facially invalid pursuant to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). There, the United States Supreme Court held that, under the Sixth Amendment to the United States Constitution, a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence. We agree with Pate and vacate the judgment of sentence in its entirety and remand for re-sentencing.

This issue presents a question of law. Our scope of review is plenary and our standard of review is *de novo*. **See Commonwealth v. Wilson**, 67 A.3d 736, 741 (Pa. 2013).

The statutes Pate cites are 18 Pa.C.S.A. § 7508, Drug trafficking sentencing and penalties, and 42 Pa.C.S.A. § 9712.1, Sentences for certain drug offenses committed with firearms. Both of these statutes are facially invalid. **See Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014) (finding § 7508 facially invalid); **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*) ("Plainly, Section 9712.1 can no longer pass constitutional muster.").

Here, the trial court imposed a mandatory minimum sentence under § 9712.1 at count 4 at docket number 2303 CR 2008. **See** N.T., Sentencing, 12/14/09, at 16. As § 9712.1 is facially invalid, a mandatory minimum sentence imposed under this statute is illegal.

With respect to § 7508, Pate claims he was sentenced to a "three year mandatory." Appellant's Brief, at 9. A review of the record, however, discloses that Pate did not receive a three-year mandatory minimum sentence at any count. **See** at 2303 CR 2008 count 2, 2-4 years, count 3, 2-4 years, count 6, $25 fine, and count 7, 12 months' probation; at 3548 CR 2008, 1-2 years.[1] The sentencing proceeding was not a model of clarity. If

---

[1] At 2303 CR 2008, the Commonwealth withdrew counts 1 and 5.

the sentence somehow implicated § 7508, that can easily be corrected on remand given that statute's facial invalidity.

We find that our resolution of Pate's appeal has upset the trial court's sentencing scheme. We vacate the judgment of sentence in its entirety and remand for re-sentencing in accordance with this memorandum. ***See Commonwealth v. Phillips***, 946 A.2d 103, 115 (Pa. Super. 2008) ("Where we determine that a sentence must be corrected, this Court has the option of amending the sentence directly or remanding it to the trial court for re-sentencing. If a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand.").

Convictions affirmed. Judgment of sentence vacated. Case remanded for re-sentencing in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2016