J-S83043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.W. AND D.W., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| F.T. AND J.T., | : | |
| | : | |
| Appellees | : | No. 1007 WDA 2016 |

Appeal from the Order Entered June 6, 2016
in the Court of Common Pleas of Indiana County
Civil Division at No(s):  11815 C.D. 2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 16, 2016**

D.W. and D.W. (Grandparents) appeal from the order entered June 6, 2016, in the Court of Common Pleas of Indiana County, which denied their complaint for partial physical custody of their grandchildren, J.S.T., a male born in January of 2006; W.M.T., a male born in January of 2008; and P.R.T., a female born in May of 2012 (collectively, the Children).  After careful review, we quash the appeal.

The trial court summarized the factual and procedural history of this matter as follows.

> [F.T. (Mother)] and [J.T. (Father)] (hereinafter Parents) were married for approximately seven years and had three children during the course of their relationship.  Parents separated in May 2013.  Since May 2013, Father has had

_____

* Retired Senior Judge assigned to the Superior Court.

primary custody of the three children and Mother has had partial supervised custody twice a week. The Grandparents currently have no custody provision for seeing the [C]hildren and testified that they have not been significantly involved or included in the [C]hildren['s] lives since the 2013 separation.

In November 2014, 18 months after Parents' separation, Grandparents filed a complaint seeking partial custody of the three minor children. On January 12, 2015, the [trial] court ordered that the parties attend mediation in hopes of resolving the matter. A mediation conference was held on April 8, 2016. The parties were unable to reach an agreement at the mediation conference. . . .

Trial Court Opinion, 6/6/2016, at 3.

The trial court held a custody hearing on September 10, 2015. Following the hearing, on November 5, 2015, the court entered an order denying Grandparents' custody complaint. Grandparents appealed. On May 6, 2016, a prior panel of this Court vacated the November 5, 2015 order. *D.W. v. F.T.*, 2016 WL 2625910 (Pa. Super. May 6, 2016) (unpublished judgment order). The panel concluded that the trial court erred by failing to discuss the custody factors set forth at 23 Pa.C.S. § 5328(a) in its opinion, and instead discussed only the factors set forth at 23 Pa.C.S. § 5328(c)(1). The panel remanded the case to the trial court for the preparation of an order and opinion considering both sets of factors.

On June 6, 2016, the trial court entered a new custody order, in which it again denied Grandparents' custody complaint. Grandparents filed a notice of appeal on July 8, 2016, along with a concise statement of errors complained of on appeal.

Before reaching the merits of the issues raised by Grandparents, we must first consider whether this Court has jurisdiction to hear their appeal. While neither the parties, nor the trial court, challenges our jurisdiction, "it is well established that questions of jurisdiction may be raised *sua sponte*." **In re J.A.**, 107 A.3d 799, 809 n.11 (Pa. Super. 2015).

Pursuant to our Rules of Appellate Procedure, an appellant must file his or her notice of appeal "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "Failure to file a timely notice of appeal divests this Court of jurisdiction." **In re J.M.P.**, 863 A.2d 17, 19 (Pa. Super. 2004), *appeal denied*, 878 A.2d 864 (Pa. 2005) (citing **Commonwealth v. Edrington**, 780 A.2d 721, 725 (Pa. Super. 2001)). "Further, we are unable to deem an appeal timely except under the narrowest of circumstances in which counsel for the offending party can establish either a breakdown in the operations of the judicial support system or extenuating circumstances that rendered him incapable of filing the necessary notice." **Sass v. AmTrust Bank**, 74 A.3d 1054, 1063 (Pa. Super. 2013), *appeal denied*, 85 A.3d 484 (Pa. 2014).

Instantly, the trial court entered the subject custody order on June 6, 2016.[1] Grandparents therefore had until Wednesday, July 6, 2016, to file

---

[1] "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b). Here, the trial court

*(Footnote Continued Next Page)*

their notice of appeal. Our review of the record confirms that Grandparents did not file their notice of appeal until two days later, on Friday, July 8, 2016. Further, Grandparents make no effort to argue that their failure to file a notice of appeal by July 6, 2016, was due to a breakdown in the operations of the judicial support system or other extenuating circumstances. Thus, Grandparents' notice of appeal was untimely filed, and we are divested of jurisdiction to hear this appeal. ***See In re J.M.P.***, 863 A.2d at 19.

Based on the foregoing, we conclude that we lack jurisdiction to hear Grandparents' appeal, and that the appeal must be quashed.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016

---

*(Footnote Continued)* ─────────────

docket includes an entry dated June 6, 2016, which indicates that a copy of the subject custody order was sent to Grandparents' attorney that same day.