J-S18019-18

NON-PRECEDENTIAL DECI SION - SEE SUPERIOR COURT |.0.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

OWEN EUGENE GINNERY, SR.,

Appellant : No. 1074 WDA 2017

Appeal from the PCRA Order April 5, 2017
in the Court of Common Pleas of Venango County,
Criminal Division at No(s): CP-61-CR-0000253-2009

BEFORE: STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.
MEMORANDUM BY MUSMANNO, J-: FILED JUNE 15, 2018

Owen Eugene Ginnery, Sr. (“Ginnery”), appeals from the Order denying
his second Petition filed pursuant to the Post Conviction Relief Act (“PCRA”).
See 42 Pa.C.S.A. §§ 9541-9546. Additionally, Ginnery’s court-appointed
counsel, Pamela Logsdon Sibley, Esquire (“Attorney Sibley”), has filed an
Application to Withdraw as counsel and an accompanying brief pursuant to
Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth
v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). We grant Attorney
Sibley’s Application to Withdraw and affirm the PCRA court’s Order.

The PCRA court concisely summarized the relevant factual and
procedural history, which we adopt for the purpose of this appeal. See PCRA
Court Opinion, 4/5/17, at 1-2.

Following the hearing on Ginnery’s second PCRA Petition, the PCRA court

denied the Petition by an Order entered on April 5, 2017. Despite Ginnery’s
J-$18019-18

communicated desire to file an appeal, Attorney Sibley failed to file a Notice
of Appeal within thirty days of this Order. See Pa.R.A.P. 903(a) (providing
that the notice of appeal “shall be filed within 30 days after the entry of the
order from which the appeal is taken.”).

Attorney Sibley thereafter filed a Motion to Reinstate Appellate Rights
Nunc Pro Tunc (hereinafter, the “Motion to Reinstate”). Therein, she urged
the PCRA court to reinstate Ginnery’s appeal rights, nunc pro tunc, due to her
failure to file a requested appeal. In response, the PCRA court entered an
Order on June 9, 2017, granting the Motion to Reinstate and directing counsel
to file, within thirty days of the Order, a notice of appeal and Pa.R.A.P. 1925(b)
concise statement of matters complained of on appeal.

On July 10, 2017, Attorney Sibley filed a timely Notice of Appeal’ and a
Concise Statement. The PCRA court then issued a Rule 1925(a) Opinion.

On January 23, 2018, Attorney Sibley filed her Application to Withdraw
as counsel with this Court.

Before addressing Ginnery’s claims, we must determine whether

Attorney Sibley complied with the requirements of Turner/Finley in

1 July 10, 2017, was thirty-one days after the entry of the June 9, 2017 Order,
thus making the Notice of Appeal facially untimely. See In the Interest of
J.M.P., 863 A.2d 17, 18, 20 (Pa. Super. 2004) (stating that a notice of appeal
from an order reinstating appellate rights nunc pro tunc must be filed within
thirty days of the reinstatement order, where, as here, the order expressly
stated a deadline of thirty days). However, July 9, 2017, the thirtieth day, fell
on a Sunday, thus extending the filing deadline to July 10. See 1 Pa.C.S.A.
§ 1908 (extending deadline to first non-holiday weekday if final date falls on
a weekend or holiday). Accordingly, Ginnery’s appeal is properly before us.

-2-
J-$18019-18

petitioning to withdraw as counsel. Pursuant to Turner/Finley, independent
review of the record by competent counsel is required before withdrawal on
collateral appeal is permitted. See Commonwealth v. Pitts, 981 A.2d 875,
876 n.1 (Pa. 2009). Such independent review requires proof of

1) A “no-merit” letter by PCRA counsel detailing the nature and
extent of h[er] review;

2) The “no-merit” letter by PCRA counsel listing each issue the
petitioner wished to have reviewed;

3) The PCRA counsel’s “explanation”, in the “no-merit” letter, of
why the petitioner’s issues were meritless;

4) The [PCRA] court conducting its own independent review of the
record; and

5) The [PCRA] court agreeing with counsel that the petition was
meritless.

Id. (citation and brackets omitted).

Here, Attorney Sibley indicated that she had reviewed the record,
identified the issues that Ginnery seeks to raise, and explained why the issues
lack merit. In addition, Attorney Sibley sent Ginnery copies of the
Turner/Finley brief and Application to Withdraw, and sent him a letter
(hereinafter, “the rights letter”) advising him of his rights to retain alternate

counsel or to proceed pro se. See Commonwealth v. Widgins, 29 A.3d
J-$18019-18

816, 818 (Pa. Super. 2011).* Thus, we conclude that Attorney Sibley has
substantially complied with the procedural requirements necessary to
withdraw as counsel. See Commonwealth v. Karanicolas, 836 A.2d 940,
947 (Pa. Super. 2003) (holding that substantial compliance with the
procedural requirements to withdraw as counsel will satisfy the Turner/Finley
criteria).
We now independently review Ginnery’s claims to ascertain whether
they entitle him to relief.
In the Turner/Finley Brief, Attorney Sibley states that Ginnery wishes
to raise the following issues for our review:
1. [Whether] [t]he [PCRA court] erred as a matter of law when
[it] determined that [Ginnery’s PCRA] claim was _ time-
barred ?]
2. [Whether] [t]he [PCRA court] erred as a matter of law when
[it] ruled [that] the [decision in] Commonwealth v. Neiman,
84 A.3d 603 (Pa. 2013)[,] did not announce a new
constitutional right [that] was to be retroactively applied| ?]

Turner/Finley Brief at 2 (unnumbered). As Ginnery’s issues are related, we

will address them together.

2 Technically, Attorney Sibley should have attached the rights letter to her
Application to Withdraw, instead of attaching it to the Turner/Finley Brief.
See Widgins, supra. However, because Attorney Sibley provided Ginnery
with the rights letter, which complies with the requirements of case law, see,
e.g., Commonwealth v. Muzzy, 141 A.3d 509, 511 (Pa. Super. 2016), we
will overlook this defect.

3 Ginnery did not file a separate pro se brief, nor did he retain alternate counsel
for this appeal.

-4-
J-S18019-18

“In reviewing the denial of PCRA relief, we examine whether the PCRA
court’s determination is supported by the record and free of legal error.”
Commonwealth v. Miller, 102 A.3d 988, 992 (Pa. Super. 2014) (citation
omitted). “The scope of review is limited to the findings of the PCRA court
and the evidence of record, viewed in the light most favorable to the prevailing
party at the trial level.” Id. (citation omitted).

As an initial matter, we observe that the PCRA court concisely set forth
the relevant law regarding the PCRA’s timeliness requirement, and the
relevant exceptions to the one-year time bar, which we incorporate as though
fully set forth herein. See PCRA Court Opinion, 4/5/17, at 2-3. We
additionally note that Ginnery’s instant PCRA Petition is facially untimely, as
he filed it approximately 2% years after his judgment of sentence became
final. See 42 Pa.C.S.A. § 9545(b)(1).

Ginnery argues that the PCRA court erred in denying his second PCRA
Petition, where “the statute under which he was convicted, Megan’s Law III,!4!
was found unconstitutional in [] Neiman, [Supra], and that therefore[,] his
conviction for failing to register [as a sex offender] under that statute must
be struck down.” Turner/Finley Brief at 3 (unnumbered) (footnote added).
Ginnery further argues that “Neiman’s striking down of Act 152 should be

given retroactive application.” Id. at 4 (unnumbered).

4 See P.L. 1243 No. 152 (2004) (hereinafter, “Act 152” or “Megan’s Law III”)
(declared unconstitutional by Neiman, 84 A.3d at 613, 616).

-5-
J-S18019-18

In its Opinion, the PCRA court concisely addressed Ginnery’s claim,
discussed Neiman and the relevant law, and determined that (1) the PCRA’s
jurisdictional time bar precludes consideration of Ginnery’s Neiman claim;
and (2) even if Neiman did create a new constitutional right to meet an
exception to the time bar, the decision is unavailing to Ginnery since Neiman
has not been held to be retroactive. See PCRA Court Opinion, 4/5/17, at 4-
5. We agree with the PCRA court’s sound rationale and determination, and
thus affirm on this basis in concluding that the PCRA court properly denied
Ginnery’s second PCRA Petition as being untimely. See id.°

Moreover, our independent review of the record has revealed no

> Moreover, even if we were to hold that the Neiman decision constituted an
exception to the PCRA’s time bar, it would nevertheless not entitle Ginnery to
collateral relief because he did not file his instant PCRA Petition “within 60
days of the date the claim could have been presented.” 42 Pa.C.S.A.
§ 9545(b)(2). To comply with the sixty-day requirement, Ginnery had to file
his PCRA Petition within sixty days from the date of the Neiman decision,
December 16, 2013, not sixty days from the date he became aware of the
decision. See Commonwealth v. Cintora, 69 A.3d 759, 763 (Pa. Super.
2013). Ginnery failed to do so.

-6-
J-$18019-18

meritorious claims that Ginnery could have raised on appeal,® and we agree
with Attorney Sibley that this appeal lacks merit. Accordingly, we grant
Attorney Sibley’s Application to Withdraw and affirm the PCRA court’s Order
denying Ginnery’s second PCRA Petition.

Application to Withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, bs

Prothonotary

Date: 6/15/2018

6 We acknowledge that Ginnery previously alleged, in his pro se letter to the
PCRA court dated March 28, 2014, a claim of his prior PCRA counsel’s
ineffectiveness for failing to file a requested petition for allocatur with the
Pennsylvania Supreme Court (i.e., concerning this Court’s affirming the Order
denying his first PCRA Petition). However, Attorney Sibley explains that
Ginnery abandoned this claim on appeal. See Turner/Finley Brief at 1
(unnumbered) (wherein Attorney Sibley stated that she “determined ... that
the underlying matters for which [Ginnery] expected prior [| PCRA] counsel to
appeal did not have merit, and therefore[, Ginnery] agreed with [Attorney
Sibley] to proceed only with regard to the constitutionality claim” under
Neiman); see also PCRA Court Opinion, 4/5/17, at 4 (stating that “while
Ginnery has pled a potentially ineffective act of counsel (i.e., [prior PCRA
counsel’s] failure, possibly unwarranted, to file a petition for allowance of
appeal with the Supreme Court), he has not met his burden of proving that
act[,]” i.e., since he abandoned this claim) (emphasis in original).

-7-