J-S14007-21
J-S14008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHEN FREDERICK BAKER JR. | : | |
| | : | |
| Appellant | : | No. 1435 MDA 2020 |

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000013-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHEN FREDERICK BAKER JR. | : | |
| | : | |
| Appellant | : | No. 269 MDA 2021 |

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000013-2005

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:          **FILED: JUNE 8, 2021**

Stephen Frederick Baker, Jr. has filed two *pro se* notices of appeal from the order that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm the PCRA court's January 31, 2020 order at 1435 MDA 2020 and dismiss the appeal at 269 MDA 2021 as duplicative.

On September 11, 2006, Appellant pled guilty to, *inter alia*, two counts of second-degree murder, and was sentenced to life imprisonment. His direct appeal resulted in no relief. **See Commonwealth v. Baker**, 951 A.2d 1204 (Pa.Super. 2008) (unpublished memorandum). Appellant filed a timely PCRA petition challenging the effectiveness of plea counsel, which the PCRA court denied without a hearing on November 19, 2009.

On February 2, 2010, Appellant filed his second PCRA petition. Counsel was appointed but took no action. The PCRA court, more than four and one-half years later, appointed new counsel, who obtained *nunc pro tunc* reinstatement of Appellant's right to appeal the dismissal of the first petition. However, that appeal also failed to garner Appellant relief. **See Commonwealth v. Baker**, 134 A.3d 506 (Pa.Super. 2015) (unpublished memorandum) (rejecting Appellant's claims that his plea was involuntary because a limited mental capacity prohibited him from understanding the charges against him and counsel had failed to share discovery materials with him prior to the plea), *appeal denied*, 136 A.3d 978 (Pa. 2016).

Appellant next sought relief in federal court, again pursing claims of mental incapacity and counsel abandonment. Those efforts also proved unfruitful, as the district court denied his petition for a writ of *habeas corpus* and appeals from that decision did not succeed. **See Baker v. Lane**, 1:16-CV-2478, 2019 WL 11767650 (M.D. Pa. July 17, 2019), *certificate of appealability denied sub nom.*, **Baker v. Superintendent Fayette SCI**, 19-

2800, 2020 WL 8615525 (3d Cir. Apr. 2, 2020), *cert. denied sub nom.*, **Baker v. Capozza**, 141 S.Ct. 1408 (2021).

Meanwhile, back in state court, Appellant filed his third *pro se* PCRA petition on May 10, 2019. Therein, Appellant raised a bevy of claims related to prior counsel's performance, the denial of his suppression motion, his mental health, violations of **Brady v. Maryland**, 373 U.S. 83 (1963), and the voluntariness of his plea. Counsel was appointed, who subsequently requested to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550, A.2d 213 (Pa.Super. 1988) (*en banc*). Specifically, counsel observed that the petition was untimely and none of the timeliness exceptions was applicable, and that, even if timely, the issues Appellant raised were previously litigated in state and federal court. **See** Petition to Withdraw, 10/10/19, at 3.

The PCRA court granted counsel leave to withdraw and issued notice of its intent to dismiss Appellant's third PCRA petition, explaining that Appellant "alleged no facts and cited no controlling law showing that his petition was timely," and furthermore, it was "apparent from the record that all pertinent issues raised by [Appellant] in his petition have been previously litigated[.]". Order and Notice of Intent to Dismiss, 11/14/19, at 2 (unnecessary capitalization omitted). Appellant filed no response, and the PCRA court dismissed the petition by order of January 31, 2020. However, the order was sent to Appellant's then-withdrawn counsel rather than to Appellant. Hence,

the PCRA court, upon timely petition by Appellant, reinstated his right to appeal the dismissal of the third PCRA petition, but did not inform him that said appeal had to be filed within thirty days.  *See* Order, 8/31/20.

On September 22, 2020, Appellant requested an extension of time to file his appeal, citing, *inter alia*, the COVID-19-related prison lockdown. Hearing nothing from the PCRA court, Appellant on November 4, 2020, filed the notice of appeal which was docketed at 1435 MDA 2020.  On December 15, 2020, this Court ordered the PCRA court to rule upon Appellant's extension request.  Fifteen days later, the PCRA court filed an order granting Appellant an additional sixty days to file a notice of appeal, but the order was not served upon Appellant until January 14, 2021.  On February 8, 2021, Appellant filed the notice of appeal that was docketed at 269 MDA 2021.

In this Court, Appellant filed the same brief at both docket numbers. The Commonwealth filed separate briefs which, by and large, overlap. Specifically, the Commonwealth advocates: (1) quashal of the appeal because Appellant's brief does not conform to the Rules of Appellate Procedure; or (2) affirmance of the order dismissing Appellant's third PCRA petition based upon (a) the untimeliness of the petition, (b) the fact that the claims were previously litigated, or (c) a lack of substantive merit.  *See* Commonwealth's brief (1435 MDA 2020) at 1; Commonwealth's brief (269 MDA 2021) at 1.

One disposition the Commonwealth fails to suggest is quashal based upon the untimeliness of either or both of Appellant's notices of appeal.

However, we must first consider the issue *sua sponte*, as the timeliness of an appeal implicates our jurisdiction to entertain its merits. **See**, **e.g.**, **Commonwealth v. Willis**, 29 A.3d 393, 395 (Pa.Super. 2011).

Ordinarily, a notice of appeal must "be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Neither a trial court nor this Court has the power to enlarge the time for filing a notice of appeal. **See Commonwealth v. Smith,** 501 A.2d 273, 275 (Pa.Super. 1985) ("A court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence."); **State Farm Mut. Auto. Ins. Co. v. Schultz**, 421 A.2d 1224, 1225 (Pa.Super. 1980). However, once the period for filing a timely appeal has elapsed, a court may reinstate the right to appeal an order "now for then." **Commonwealth v. Wright**, 846 A.2d 730, 735 (Pa.Super. 2004). When such relief is granted, although the appeal serves to challenge a prior order, the notice must be filed within thirty days of the entry of the order granting *nunc pro tunc* relief. **Id**.

Here, the order granting Appellant leave to appeal the January 31, 2020 dismissal order *nunc pro tunc* was entered on August 31, 2020. Accordingly, Appellant had until September 30, 2020, to file a timely notice of appeal. The notice of appeal docketed at 1435 MDA 2020 was filed more than one month

after that, on November 2, 2020.[1]  The PCRA court by order entered January 14, 2021, purported to grant Appellant an additional sixty days to file a timely notice of appeal, and Appellant filed the notice docketed at 269 MDA 2021 within that timeframe.

However, as noted above, the trial court's order granting Appellant the right to file an appeal *nunc pro tunc* did not specify the resultant due date for Appellant's notice of appeal.  In such instances where the court failed to advise the litigant of the time constraints for filing the *nunc pro tunc* appeal, this Court has repeatedly declined to quash as untimely an appeal filed more than thirty days later.  **See Commonwealth v. Maddrey**, 205 A.3d 323, 326 (Pa.Super. 2019); **In re J.M.P.**, 863 A.2d 17, 20 (Pa.Super. 2004); **Wright**, **supra**.  Following this precedent, we conclude that Appellant's November 2, 2020 notice of appeal was timely filed *nunc pro tunc*, and thus establishes our jurisdiction to entertain the appeal filed at 1435 MDA 2020.[2]  Consequently,

_____

[1] The notice of appeal was docketed on November 4, 2020, but was postmarked November 2, 2020.  As Appellant did not indicate an earlier date on which he deposited the notice in the prison mail system, we use the postmark date as the date of filing.  **See**, **e.g.**, **Commonwealth v. Betts**, 240 A.3d 616, 620 n.4 (Pa.Super. 2020) (explaining that, pursuant to the prisoner mailbox rule, "submissions from an incarcerated litigant are deemed to be filed when deposited into the prison mailing system, or handed over to prison officials for mailing").

[2] The Commonwealth suggests dismissal of the appeal at 1435 MDA 2020 on the basis that Appellant is not an aggrieved party.  **See** Commonwealth's brief (1435 MDA 2020) at 1.  This stems from the fact that in that notice of
*(Footnote Continued Next Page)*

Appellant's second appeal is duplicative of the first, and is hereby dismissed

for that reason.[3]  *See*, *e.g.*, *Neidert v. Charlie*, 143 A.3d 384, 387 n.3

_____

appeal, Appellant purported to appeal from the order reinstating his appellate rights *nunc pro tunc* rather than from the order dismissing his third PCRA petition.  This Court raised the issue in a rule to show cause why that appeal should not be quashed on the basis that Appellant was not an aggrieved party.  Although our docket does not reflect that Appellant responded to the rule, this Court discharged it and referred the issue to this panel.

"Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal[.]" Pa.R.A.P. 902.  "Indeed, this Court regularly amends captions to reflect the properly-appealed-from orders when parties designate incorrect orders in their notices of appeal." *Commonwealth v. Jones*, 139 EDA 2019, 2020 WL 686215, at *2 n.2 (Pa.Super. Feb. 11, 2020) (non-precedential decision) (collecting cases).

Accordingly, rather than quash or dismiss the appeal on the basis that Appellant was not aggrieved by the order from which he purported to appeal, we have amended the caption to reflect the order which Appellant actually seeks to have this Court review: the January 31, 2020 order dismissing his PCRA petition.  *Accord Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 676 A.2d 652, 657 n.5 (Pa. 1996) (declining to quash appeal where notice listed only an order that had been subsequently modified by a different order where it was obvious from the record that the appellant sought review of both orders).

[3] Given our disposition of the appeal at 269 MDA 2021, we need not decide whether the trial court's subsequent extension of time for Appellant to file an appeal, which exceeded its authority as discussed above, could nonetheless have validated Appellant's second appeal by serving as a *de facto* new grant of *nunc pro tunc* relief and/or constituting a misstatement of the appeal period that amounted to a breakdown in court processes.  *Compare Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa.Super. 2001) (declining to quash untimely appeal where the trial court provided erroneous information about the appeal period), *with Commonwealth v. Santiago*, 1450 WDA 2018, 2020 WL 1527266, at *1 (Pa.Super. Mar. 30, 2020) (non-precedential decision) (quashing appeal as untimely despite the fact that the trial court had granted a motion for an extension of time to file it).

(Pa.Super. 2016) (dismissing appeal that was duplicative of properly-filed appeal).

Having determined that we have jurisdiction to consider the appeal filed at 1435 MDA 2020, we note the legal principles applicable to our review. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017).

"Because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019). The pertinent statute provides as follows regarding the time for filing a PCRA petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, any petition invoking an exception to the one-year time bar "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final in 2008 after Appellant declined to file a petition for allowance of appeal following this Court's affirmance of his judgment of sentence. *See Commonwealth v. Baker*, 951 A.2d 1204 (Pa.Super. 2008) (unpublished memorandum filed February 12, 2008). Appellant filed the PCRA petition that is the subject of the instant appeal more than a decade later. Thus, it was facially untimely. As noted above, the PCRA court dismissed Appellant's petition upon observing that Appellant failed to offer any legal basis to except him from the one-year timeliness requirement.

Appellant in his brief states eight substantive issues on topics such as suppression of his statements to police, a *Brady* violation, the adequacy of his guilty plea colloquy, and ineffectiveness of various prior counsel. *See* Appellant's brief at unnumbered 3-4. We do not discern anywhere in his forty-seven stream-of-consciousness paragraphs an explanation of how one or

more of the enumerated timeliness exceptions was invoked in the PCRA court and improperly rejected. Instead, he offers rambling assertions of error and discussion of various points of state and federal law in a manner that, as the Commonwealth correctly observes, fails to conform with multiple Rules of Appellate Procedure. *See* Commonwealth's brief (1435 MDA 2020) at 12-14.

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa.Super. 2017). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Id***. (internal quotation marks omitted). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

Appellant has failed to convince us that the PCRA court erred in concluding that his third PCRA petition was untimely filed, a finding fully supported by the record. Consequently, neither the PCRA court nor this Court has jurisdiction to rule on the merits of the claims raised therein. Therefore, we have no basis to disturb the PCRA court's order dismissing Appellant's petition.

Order affirmed at 1435 MDA 2020. Appeal at 269 MDA 2021 dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/08/2021